FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHE CHEN, | No. 07-74633 |
| Petitioner, | |
| v. | Agency No. A096-342-752 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2012
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BENSON, District Judge.[**]

Zhe Chen, a native and citizen of China, petitions for review of a decision of

the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ)

denial of asylum, withholding of removal, and relief under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Dee V. Benson, District Judge for the U.S. District Court for Utah, sitting by designation.

Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand to the BIA for further proceedings consistent with this opinion.

1. Notwithstanding 8 U.S.C. § 1158(a)(3), our court suggests that we retain jurisdiction to review whether Chen's application for asylum was untimely, because we are applying undisputed facts to the statute. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). We conclude that the BIA erred in determining that Chen's application was untimely.[1] The BIA did not make an adverse credibility determination. Thus, Chen's credible testimony was that he entered the United States in November 2002, which is totally uncontradicted in this record. *See She v. Holder*, 629 F.3d 958, 964 (9th Cir. 2010) (explaining a petitioner's testimony is presumed credible absent an explicit adverse credibility finding). Further, absent an adverse credibility finding, the BIA (contrary to its order) cannot require Chen to produce corroborative evidence. *See Singh v. Holder*, 649 F.3d 1161, 1167 (9th Cir. 2011) (en banc) (concluding that the BIA erred in requiring corroboration (to an applicant's otherwise credible testimony) to

---

[1] The Government argued that this issue was unexhausted, because Chen failed to raise the one-year bar claim to the BIA. However, because the BIA addressed the issue, it was exhausted. *See Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010).

show that he timely filed an application for asylum); *Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir. 2000) ("Because [petitioner's] testimony is deemed to be credible, the BIA erred by requiring him to produce corroborating evidence.").

2.     The BIA (1) did not have an opportunity to address whether Chen qualified for asylum in the first instance and (2) did not have the benefit of this court's opinion in *Li v. Holder*, 559 F.3d 1096, 1110 (9th Cir. 2009).  Therefore, we remand this matter for the BIA to decide in the first instance whether Chen, in light of *Li*, has met his burden of proof for his applications for asylum, withholding of removal, and CAT.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

     PETITION FOR REVIEW GRANTED; REMANDED.